UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GERALD G. COTTON,**

        Petitioner,
vs.                                                      Civ. No. 09-171 MCA/DJS

**AL CASAMENTO, Warden, Sandoval County
Detention Center,**

        Respondent.

## **ORDER**

**THIS MATTER** comes before the Court upon Respondent's Motion for Leave to File Answer Out of Time filed October 27, 2009 (Docket No. 17). This action was filed as a Petition for Writ of Mandamus and Injunction pursuant to 28 U.S.C. §§1361 and 2243 which, because it seeks Petitioner's release from custody is construed as a petition for writ of *habeas corpus* under 28 U.S.C. §2241.

On June 3, 2009 the United States Magistrate Judge assigned to this case entered an Order (Docket No. 13) directing the Clerk of Court to substitute Al Casamento, Warden, Sandoval County Detention Center as Respondent in place of Diersen Charities and the Bureau of Prisons. That Order also directed the Clerk of Court to forward copies of the order and the petition to Casamento and the United States Attorney for the District of New Mexico and required Respondent to answer the petition within twenty-three days. On July 6, 2009, Petitioner filed a motion (Docket No. 15) seeking summary judgment in this case on the basis of Respondent's failure to answer. The instant motion followed on October 27, 2009.

As grounds for the extension, Respondent states that counsel for the United States was

unaware that it had to respond on behalf of the Warden of the Sandoval County Detention Center. Counsel further states that by June 3, 2009, the date of the order to answer, Petitioner had been released from the Sandoval County Detention Center and been placed at a halfway house at his own request. If a Court has authority to enter a default judgment in a *habeas corpus* case, it is limited to where there has been a delay that is so extensive or egregious to constitute a violation of due process rights. See Stines v. Martin, 849 F.2d. 1323, 1325 (10th Cir. 1988) ("[T]he actual delay here in filing the brief was not sufficiently extensive or egregious to constitute a violation of [petitioner's] due process rights. Thus, even assuming district courts have the power to grant default judgments in habeas proceedings, the court abused its discretion in doing so here."). Some courts have concluded that default in inappropriate for *habeas* proceedings. Sparrow v. United States, 174 F.R.D. 491, 492 (D. Utah 1997) (collecting cases). Under that circumstance, the Court finds that granting Respondent's motion to file an answer out of time best serves the interests of justice and should be granted.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Leave to File Answer Out of Time (Docket No. 17) is granted.

                                                                                     _____
                                                                                     **DON J. SVET**
                                                                                     **UNITED STATES MAGISTRATE JUDGE**