IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GERALD G. COTTON**

    Petitioner,

vs                                                                                            1:09-cv-171 MCA/DJS

**DIERSEN CHARITIES, et al.,**

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 11], entered May 11, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends the *Petition For Writ of Mandamus and Injunction Pursuant to 28 U.S.C. §§ 1361 & 2243 Pending Expedited Review* [Doc. 1], filed February 17, 2009, be denied as moot and that the case be dismissed.

**I.    BACKGROUND**

Petitioner Gerald Cotton is a *pro se* litigant and is proceeding *in forma pauperis*. On February 17, 2009, he filed his "Petition for Writ of Mandamus and Injunction Pursuant to 28 U.S.C. §§ 1361 & 2243 Pending Expedited Review" ("Petition"). [Doc. 1.] In the Petition, Cotton alleges he is a federal prisoner sentenced to 108 months' incarceration, with the last ten percent of his sentence to be

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

served as prescribed under 28 U.S.C. § 3624(c).[2] Cotton further alleges he was designated to serve the last ten percent of his sentence at Diersen Charities, a halfway house, and was moved there on November 19, 2008. [Doc. 1 at 1–2.] According to the Petition, he was removed from Diersen Charities on disciplinary charges about six weeks later and placed in the Sandoval County Detention Center. [Id. at 3.]

Cotton asserts that Diersen Charities violated his due process rights by failing to follow certain disciplinary and grievance procedures, and that his expulsion from Diersen Charities and removal to the Sandoval County Detention Center deprived him of the opportunity for reintegration and the privilege of working to save money for his release on May 14, 2009. [Doc. 1 at 4.] Because Cotton was seeking release from custody, the Court construed his Petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and directed the Clerk to substitute Al Casamento, the Warden of the Sandoval County Detention Center, in place of Diersen Charities and the Bureau of Prisons. [Doc. 13.]

Cotton's circumstances have changed several times since he filed his Petition in February 2009. What is relevant for this case, however, is that he completed his sentence and was released from the Sandoval County Detention Center in May 2009 to begin a period of supervised release. Furthermore, the Court takes judicial notice of the fact that on October 15, 2009, the Honorable John Edwards Conway, District Judge, entered judgment against Cotton, and sentenced him to a term of imprisonment of 24 months for violating the terms of supervised release. Judgment in a Criminal

---

[2] 28 U.S.C. § 3624(c) is a statutory provision for prerelease custody which states that the "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 28 U.S.C. § 3624(c)(1). Options for prerelease custody include a community correctional facility and home confinement. 28 U.S.C. § 3624(c)(1),(2).

Case (For Revocation of Probation or Supervised Release), United States of America v. Cotton, No. 1:00-cr-933 (Doc. 95), (D. N.M. Oct. 15, 2009).[3]  Cotton acknowledges that he is currently incarcerated in California, having been transported there by the U.S. Marshal Service, and is serving a term of imprisonment for violating the terms of supervised release. [Doc. 20 at 3; Doc. 21 (change of address).]

## II.  ANALYSIS

Cotton's Petition relates to events that occurred when he was residing at Diersen Charities and attempting to complete his sentence under prerelease custody pursuant to 28 U.S.C. § 3624. His original sentence has come to an end and with it, the opportunity for prerelease custody. The Court therefore concludes that his claims are moot.

"The touchstone of the mootness inquiry is whether the controversy continues to 'touch[ ] the legal relations of parties having adverse legal interests' in the outcome of the case." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)(quotation marks and brackets in original)(citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This 'legal interest' must be more than simply the satisfaction of a declaration that a person was wronged." *Id.* (quotation marks in original) (citing *Ashcroft v. Mattis*, 431 U.S. 171, 172–73 (1977)). In his Petition, Cotton requests to "be allowed to go to home confinement or placed in another half way house other than Diersen Charities."[4]

---

[3] The Court may take judicial notice of the criminal proceedings involving Cotton in this District, USA v. Cotton, 1:00-cr-933. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.")

[4] As a matter of interest, the Court notes that both of these events eventually came to pass without the need for Court intervention. First, he began his term of supervised release at a halfway house other than Diersen Charities. [Doc. 12 (change of address); Doc. 20 at 2.] Second, he left the halfway house in June 2009 and went to stay at the home of a friend. [Doc. 16 (change of address); Doc. 20 at 2.] The Court takes judicial notice that on August 12, 2009, the Honorable Judith C. Herrera, District Judge, issued a warrant for Cotton's arrest on charges that he had violated the terms of supervised release; he was re-arrested that same day. Petition for Revocation of Supervised Release, United States of America v. Cotton, No. 1:00-cr-933 (Docs. 74, 81) (D. N.M. Aug. 12, 2009).

[Doc. 1 at 1–2.] He also requests that Diersen Charities be required to "obtain an apartment at their expense and pay his [expenses] until he is sufficiently stable." [Id.] Because Cotton completed his sentence and was released in May 2009, the relief he requests is no longer available.

Furthermore, the Court can find no basis to apply any of the exceptions to the mootness doctrine that would allow this case to continue. Exceptions to mootness include: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases the allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations and quotation marks omitted).

Regarding the first exception construed liberally, Cotton's pleadings and other filings assert that the due process violations allegedly committed by Diersen Charities cut short his stay, deprived him of earning opportunities and a period of readjustment, were responsible for his inability to successfully complete the term of supervised release, and are therefore the reason he is incarcerated today. Even if the Court were to accord merit to the proposition that this attenuated course of events led to the collateral consequence of an additional term of incarceration, the relief he requests is no longer available. Because Cotton completed his original term of imprisonment in May 2009, his request to serve out the last portion of that sentence under home confinement or at a halfway house other than Diersen Charities is impossible to grant. In opinion the Court might issue in the matter would be merely advisory.

The remaining three exceptions also are inapplicable. The second exception does not apply because Cotton does not allege this case involves a wrong that is capable of repetition. He is now incarcerated under a separate, subsequent judgment with no likely prospect of returning to Diersen Charities. The third exception does not apply because this is not a case where the defendant has

ceased an allegedly illegal practice but may resume it at any time. At issue in this case is a discrete incident in which Diersen Charities allegedly wrongfully accused Cotton of misconduct and did not adhere to certain procedural safeguards during the disciplinary process that led to his being expelled from the facility. Unless Cotton returns to Diersen Charities, which appears unlikely, the incident will not be repeated. Finally, this is not a class action.

### III.  RECOMMENDATION

It is recommended that the *Petition For Writ of Mandamus and Injunction Pursuant to 28 U.S.C. §§ 1361 & 2243 Pending Expedited Review* [Doc. 1], filed February 17, 2009, be denied as moot and that the case be dismissed.

**DON J. SVET**
**United States Magistrate Judge**