IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD G. COTTON,

    Petitioner,

vs.                                                                   Civil No. 1:09-cv-171 MCA/DJS

DIERSEN CHARITIES, et al.,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25], filed May 18, 2010, and Petitioner's Objections thereto [Doc. 26], filed June 4, 2010. After conducting a *de novo* review of the Magistrate Judge's report, the Objections, the record, and the relevant legal authorities, the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition and dismisses the Petition.

**I.    BACKGROUND**

Mr. Cotton filed a "Petition for Writ of Mandamus and Injunction Pursuant to 28 U.S.C. §§ 1361 and 2243 Pending Expedited Review" on February 17, 2009. [Doc. 1.] At the time he filed his petition, Mr. Cotton was serving a federal sentence at the Sandoval County Detention Center. [Id. at 3.] He complained that he had been transferred to the Sandoval County Detention Center from a Diersen Charities halfway house in violation of his due process rights and sought "mandamus" and "injunction" to compel his release. [Id. at 4.]

Mr. Cotton claims he had been sent to the halfway house pursuant to 28 U.S.C. § 3624, which contains provisions related to prerelease custody of federal prisoners, in order to complete

1

the last ten percent of a 108-month sentence.  Mr. Cotton further claims he was wrongfully expelled from Diersen Charities halfway house on disciplinary charges.  The basis of his claim is that Diersen Charities failed to conduct an adequate investigation of the charges, issue a timely decision, or respond to his inquiries.  [Docs. 1, 2.]  Mr. Cotton claims his wrongful expulsion from the halfway house deprived him of the opportunity to prepare for the transition from incarceration to life in the community and to work to save money for his release in May 2009.  [Doc. 1 at 4.]

Mr. Cotton completed his original sentence and was released from the Sandoval County Detention Center in May 2009, about three months after he filed his petition in this case.  [Doc. 19 at 5.]  He subsequently was reincarcerated and is currently serving a 24-month sentence for violating the terms of supervised release.  [Doc. 19-3.]  Mr. Cotton does not dispute these facts.

Because he sought release from custody, the Magistrate Judge construed Mr. Cotton's petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  [Doc. 3.]  The Magistrate Judge's report concludes that Mr. Cotton's claims were rendered moot when he completed his sentence and recommends dismissal of the petition.  Mr. Cotton's timely objections trigger *de novo* review of "those portions of the Magistrate Judge's proposed findings and recommended disposition to which objection is made."  28 U.S.C. § 636(b)(1).

II.     ANALYSIS

    A.     **Recharacterization of the petition**

Mr. Cotton filed a timely objection to the Magistrate Judge's order recharacterizing the petition.  [Doc. 4.]  Accordingly, the Court first considers whether it was proper to recharacterize Mr. Cotton's petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Mr. Cotton's petition sought speedier release from custody and thus presents a claim for habeas relief even though it purports to seek mandamus or injunction.  *See Frey v. Adams County*

*Court Svcs.*, 267 F.App'x 811, 813 (10th Cir. 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). The Court rejects Mr. Cotton's contention that he was free to select the form of action that he believes best suits his case. The writ of habeas corpus is Mr. Cotton's exclusive remedy. *Id.*; *see also Leacock v. Henman*, 996 F.2d 1069, 1071 (10th Cir. 1993) (habeas action is sole federal remedy for prisoner challenging the fact or duration of confinement).

Furthermore, because Mr. Cotton is held in federal custody, but does not in this proceeding challenge his sentence or conviction, his petition is properly considered under section 2241. Section 2255 is reserved for attacking the imposition of a sentence. 28 U.S.C. § 2255(a); *see also United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir. 1986) (holding that habeas corpus, not § 2255, is the remedy for a federal prisoner who seeks release other than on the basis of challenge to conviction).

    **B.**    **Mootness**

Mr. Cotton's claim is that Diersen Charities deprived him of the opportunity to serve the last portion of his federal sentence in prerelease custody, as afforded by 28 U.S.C. §§ 1361. The Court agrees with the Magistrate Judge's conclusion that the claim has been rendered moot by the expiration of his sentence.

The traditional function of the writ of habeas corpus is to "secure release from illegal custody." *McIntosh v United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citing *Preiser*, 411 U.S. at 484). Once a prisoner's sentence has expired, he must demonstrate some collateral consequence—"some concrete and continuing injury"—to satisfy the case or controversy requirement of Article III, § 2. *Spencer v. Kemna*, 528 U.S. 1, 7 (1998). Serious collateral consequences may be presumed when the challenge is to a wrongful conviction; otherwise, they

3

must be proven. *Id.* at 14 (declining to extend presumption of collateral consequences to parole revocations).

Mr. Cotton's alleged collateral consequences are not sufficient to satisfy the case or controversy requirement of Article III, § 2.  Construed liberally, the only continuing injury Mr. Cotton alleges is that he was deprived of the opportunity to transition from incarceration to life in the community, a deprivation he claims set in motion a chain of events that caused him to violate the terms of supervised release which, in turn, led to his current incarceration. [Doc. 20.] The Court finds this reasoning too tenuous to support his claim of collateral consequences.  The fact that he is currently serving a new sentence for violating the terms of supervised release does not revive his claim.  Any causal connection between the loss of an opportunity for prerelease custody and the subsequent violation is negated by Mr. Cotton's own admitted conduct in violating the terms of supervised release.  [Id. at 3.]

Mr. Cotton's attempt to invoke the "capable of repetition, yet evading review" exception to the mootness doctrine also is without merit. The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is too short in duration to be litigated prior to cessation; and (2) there is a reasonable possibility that the complaining party will be subject to the same action again.  *Spencer*, 523 U.S. at 18 (citations and quotation marks omitted).

Mr. Cotton asserts it is "most certain" he will be returned to Diersen Charities when he completes his current sentence in late 2010 or early 2011, and if so, the difficulty he experienced during his first stay will repeat. [Doc. 26 at 6.] This assertion does not satisfy the requirements of the exception.  First, the challenged action is the premature revocation of the term of prerelease custody.  He has not shown that any potential future term of prerelease custody will be so short as

to evade review. In the event Mr. Cotton has the opportunity for prerelease custody in the future, there is no indication as to how long that term will be, where it will be served, and under what conditions. Second, he has not shown there is a reasonable possibility that an expulsion from Diersen Charities will be repeated. The Court finds it highly unlikely that Mr. Cotton will be accepted back at Diersen Charities, having previously been expelled from that facility.

### III. CONCLUSION

Mr. Cotton's claim has been rendered moot by the expiration of his sentence, and he has not demonstrated serious collateral consequences such that this case continues to present a live controversy. The Court will issue no order in this case granting or denying a certificate of appealability. A federal inmate does not require a certificate of appealability to appeal a final order in a proceeding under 28 U.S.C. § 2241. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Petitioner's Objections [Doc. 26] are **OVERRULED**;

IT IS FURTHER ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25] are **ADOPTED** by the Court;

IT IS FURTHER ORDERED that the Petition is **DISMISSED.**

                                                **M. CHRISTINA ARMIJO**
                                                **UNITED STATES DISTRICT JUDGE**